IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE P. FIELD, JR., | ) | CASE NO. 1:13CV01415 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| NEIL TURNER | ) | |
| Warden, North Central | ) | |
| Correctional Complex, | ) | **REPORT & RECOMMENDATION** |
| | ) | [Doc. 3] |
| Respondent. | ) | |
| | ) | |

On June 27, 2013, *pro se* Petitioner Dale Field, Jr. ("Petitioner") sought habeas corpus relief pursuant to 28 USC § 2254.  Doc. 1.  This matter is currently before the Court on Petitioner's Motion for default judgment and motion for summary judgment.  Doc. 3.  Petitioner moves this Court for an order granting him default judgment and summary judgment based on Respondent's alleged failure to timely file the return of writ.  Id.  For the reasons that follow, the undersigned recommends that Petitioner's Motion for Default Judgment and Motion for Summary Judgment (Doc. 3) be **DENIED**.

## I.  Law and Analysis

Petitioner requests judgment in his favor based upon Respondent's alleged failure to timely file a return of writ as of September 13, 2013. Doc. 3.  On October 3, 2013, this case was automatically referred to the undersigned pursuant to Local Rule 72.2 and on October 4, 2013, the Court directed Respondent to answer the petition by December 3, 2013, pursuant to the

1

Magistrate Judge's Initial Order.[1]  Doc. 4.  On October 10, 2013, Respondent filed a motion for extension of time until January 31, 2014, to file the answer/return of writ.  Doc. 5.  On October 18, 2013, this Court granted Respondent's requested extension.  Respondent filed his return of writ on January 28, 2014.[2]  Thus, the return of writ was not untimely.

In any event, judgment by default based upon a respondent's alleged failure to timely respond is not appropriate in habeas corpus proceedings.  [A] default judgment ... is relief that is unavailable in habeas corpus proceedings. *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.19*70), superseded on other grounds by statute as stated in, Cobb v. Perini,* 832 F.2d 342 (6th Cir.1987); *Lemons v. O'Sullivan,* 54 F.3d 357, 364–65 (7th Cir.1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir.19*90) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir.1987) ("a default judgment is not contemplated in habeas cor*pus cases").

Therefore, Petitioner's Motion for default judgment and motion for summary judgment (Doc. 3) is without merit.

---

[1] "Magistrate Judge's Initial Order. Respondent shall file an Answer (Return of Writ) to the petition within sixty (60) days from the date of this Order. Petitioner shall have forty-five (45) days from the filing of Respondent's Return of Writ to file a Reply (Traverse). Respondent shall have fifteen (15) days from the filing of Petitioner's Traverse to respond thereto. (Related document # 1 ). Magistrate Judge Kathleen B. Burke on 10/4/2013. (D,I) (Entered: 10/04/2013)."  Doc. 4.

[2] Subsequently Petitioner filed his traverse (Doc. 11) and Respondent has filed its reply to the traverse (Doc. 12).

## II.  Conclusion and Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that petitioner's Motion for

default judgment and motion for summary judgment (Doc. 3) be **DENIED**.


Dated: June 23, 2014

Kathleen B. Burke
United States Magistrate Judge


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation. Failure to file objections within the specified time may waive the
right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir.
1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).