IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE P. FIELD, JR., | ) | CASE NO. 1:13CV1415 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| NEIL TURNER, *Warden*, *et al*., | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondents. | ) | |

Petitioner Dale P. Field, Jr., ("Petitioner" or "Field") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Field was detained at the North Central Correctional Complex, having pleaded guilty to one count of unlawful sexual conduct with a minor in the Geauga County, Ohio, Court of Common Pleas. Doc. 6-2, p. 5.[1] *State v. Field*, No. 10 C 000087 (Geauga Cty. Common Pleas Ct. filed Nov. 17, 2010). On March 4, 2011, the trial court sentenced Field to three years in prison, five years of supervised release thereafter, and classified Field as a Tier II sex offender. Doc. 6-2, pp. 29-31. Since filing his Petition, Field has been released. *See* Doc. 16, p. 3.

On June 27, 2013, Field filed his Petition for Writ of Habeas Corpus setting forth four grounds for relief. Doc. 1, pp. 5-10. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth more fully below, Grounds One and Four fail on the merits and Grounds Two and Three are not cognizable. Thus, the undersigned recommends that Field's Petition for Writ of Habeas Corpus (Doc. 1) and his Motion for Summary Judgment (Doc. 16) be **DENIED.**

---

[1] Doc. page citations are to ECF Doc. page numbers.

# I. Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

## A. State Court Action

### 1. Underlying facts

The following summary of underlying facts is taken from the Geauga County Court of Appeals, Eleventh Appellate District of Ohio:

> {¶2}Appellant was indicted on one count of unlawful sexual conduct with a minor, a felony of the third degree, in violation of R.C. 2907.04(A) and (B)(3). The charge stems from appellant's sexual involvement with a 14-year-old girl. Appellant was 30 years old at the time of the offense. Appellant, with counsel present, entered a not guilty plea. Thereafter, appellant withdrew his not guilty plea and pleaded guilty pursuant to a plea agreement with the state to the sole count as charged in the indictment. Following a hearing, the trial court accepted appellant's guilty plea, ordered a presentence investigation report, and deferred sentencing.

Doc. 6-2, pp. 85-86; *State v. Field*, 2012 WL 5499654, at *1 (Oh. Ct. App. Nov. 13, 2012).

### 2. Procedural history

The Ohio Court of Appeals continued its description of the history of the case:[2]

> {¶ 3} Immediately before sentencing, appellant submitted a letter to the court indicating that he had retained new counsel and requesting a continuance due to new counsel's inability to be present at the sentencing hearing. The court granted a continuance, and appellant's original attorneys withdrew from the case.
>
> {¶ 4} Subsequently, appellant, by and through new counsel, filed a motion to withdraw his guilty plea. As grounds for the motion, appellant claimed there existed evidence unknown to him that mitigated and nullified his guilt. Appellant also averred that he was improperly advised of all of his rights and the evidence against him prior to changing his plea. Appellant further maintained that his original counsel refused to discuss the facts of

---

[2] Field has not demonstrated by clear and convincing evidence that the state court's findings were incorrect. Accordingly, the state court's findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *see also Railey*, 540 F. 3d at 397.

the case, take the matter to trial, or negotiate a plea unless he provided them with more money. Following a full hearing, the trial court denied appellant's motion as having been based on a mere "change of heart" and a desire to avoid the consequences of his conduct.

*Field*, 2012 WL 5499654, at *1.

### B. Direct Appeal

On March 28, 2011, Field, through counsel, timely appealed to the Ohio Court of Appeals.  Doc. 6-2, pp. 32-33.  In his brief, Field raised the following assignments of error:

1.  The trial court erred to the prejudice of the defendant-appellant by denying his pre-sentence motion to withdraw his plea in violation of his due process rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.

> *Issue Presented for Review and Argument*: The trial court erred to the prejudice of the defendant-appellant when it refused to permit him to withdraw his guilty plea prior to sentencing.

2.  The trial court erred by sentencing the defendant-appellant to a term of imprisonment where its findings were not supported by the record.

> *Issue Presented for Review and Argument*: The trial court erred when it imposed a prison term where its findings under R.C. 2929.12 were not supported by the record and where it failed to give careful and substantial deliberation to the relevant statutory considerations.

Doc. 6-2, pp. 40-41.  On November 13, 2012, the state Court of Appeals affirmed the judgment of the trial court.  Doc. 6-2, pp. 85-95.

### C. Ohio Supreme Court

On December 26, 2012, Field, *pro se*, appealed to the Ohio Supreme Court.  Doc. 6-2, p. 96.  He presented the following propositions of law:

1. The trial court erred to the prejudice of the Defendant-Appellant by denying his pre-sentence motion to withdraw his plea in violation of his due process rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and §§ 10 and 16, Article I of the Ohio Constitution.

2. The trial court erred by sentencing the Defendant-Appellant to a term of imprisonment where its findings were not supported by the record.

3. The trial court abused its discretion when it refused to acknowledge the breakdown of the attorney client relationship when [ ] ruling on Defendant-Appellant's Crim. R. 32 motion to withdraw guilty plea.

4. Defendant-Appellant was denied effective assistance of trial and appellate counsel when neither counsel preserved for the record the abuse of judicial discretion of the trial judge for refusing to acknowledge the breakdown of attorney client relationship in violation of Defendant-Appellant's right to effective assistance of [sic] as guaranteed by the Sixth Amendment of the United States Constitution and §10, Article I of the Ohio Constitution.

Doc. 6-2, p. 99. On May 13, 2012, the Ohio Supreme Court declined to accept jurisdiction of the appeal. Doc. 6-2, p. 129.

### D. Federal Habeas Petition

On June 27, 2013, Field, *pro se*, filed his Petition for a Writ of Habeas Corpus. Doc. 1. He listed the following grounds for relief:

**Ground One:** The trial court erred to the prejudice of the Petitioner by denying his presentence motion to withdraw his plea in violation of his due process rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**Supporting Facts**: The trial judge said Petitioner had a "change of heart" with no findings on the record, and the judge did not see the breakdown of the attorney client relationship as shown by Petitioner's letter presented to the court. This is a violation of Petitioner's rights to due process of law. The trial judge also ignored Petitioner's text message to his attorney saying, "The only thing I can figure is you have to file to withdraw." (1/31/2011 Voicemail T.p.2) made 10/26/2010. His attorneys also said, "We are not obligated to help you any longer if you refuse to pay us." Id. Another said, "We are under no obligation to do further work on your behalf." Id. at 3. Therefore without the benefit of counsel, Petitioner could not have made a knowing, intelligent, or voluntary plea. Petitioner's second attorney said Petitioner wished to "fight the charges" from the start, but his attorneys did not help him with this request (3/4/2011 Second Sentencing T.p.6). Therefore Petitioner could not have made a plea to a charge he wished to fight in any sort of free way. The decision of the trial court judge was arbitrary and an abuse of judicial discretion.

**Ground Two:** The trial court erred by sentencing Petitioner to a term of imprisonment where its findings were not supported by the record.

**Supporting Facts**: The trial court did not make sufficient findings on the record to support the more than minimum sentence given to Petitioner. There was no

4

>evidence of physical or psychological harm to the victim. The victim's family did not want to press charges. There was no indication that Petitioner used his relationship with the victim to facilitate the offense. The court ignored Petitioner's remorse & steps to get into treatment. Petitioner's therapist said this behavior was unlikely to recur. Therefore Petitioner asserts the trial court did not make sufficient findings on the record to support this more than minimum sentence.
>
>**Ground Three:** The trial court abused its discretion when it refused to acknowledge the breakdown of the attorney client relationship when ruling on Petitioner's Crim. R. 32.1 motion to withdraw guilty plea.
>
>>**Supporting Facts**: The trial judge did not acknowledge the breakdown in the attorney client relationship that Petitioner presented in a letter to the court detailing that Petitioner's first trial counsel wanted more money to represent Petitioner which led Petitioner to get new defense counsel. The trial judge made a summary judgment that Petitioner had a "change of heart" in an arbitrary and unreasonable method. Therefore Petitioner requests that the trial court grant him a de novo hearing on his motion to withdraw guilty plea.
>
>**Ground Four:** Petitioner was denied effective assistance of trial and appellate counsel when neither counsel preserved for the record the abuse of judicial discretion mentioned in Ground Three in violation of the Sixth Amendment of the United States Constitution.
>
>>**Supporting Facts**: Neither trial nor appellate counsel preserved for the record the abuse of judicial discretion detailed in ground Three. By failing to object to the abuse of judicial discretion both trial and appellate counsel have jeopardized Petitioner's chances of winning his appeal because the courts may rule that this issue is now res judicata. Therefore Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

Doc. 1, pp. 5-10.  On January 28, 2014, Respondent filed a Return of Writ.  Doc. 6.  Field filed a Traverse (Doc. 11) and Respondent filed a reply (Doc. 12).  On July 6, 2015, Field filed a Motion for Summary Judgment (Doc. 16) which Respondent opposed (Doc. 17).

    Respondent argues that Grounds One and Two are not cognizable and that Grounds Two, Three and Four are procedurally defaulted.  Doc. 6, pp. 8-23.  Respondent also contends that all Field's grounds fail on the merits.  Doc. 6, pp. 25-34.

## II. Law

### A. Standard of Review under AEDPA

5

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to Field's habeas petition because he filed it after the effective date of the AEDPA. 28 U.S.C. § 2254; *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). Under the AEDPA, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id*.

**Procedural Default.**  Procedural default may occur in two ways. *Id*. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's

6

failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

**Merits Review**. In order to obtain habeas relief under 28 U.S.C. § 2254(d), a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). *Id*.

"Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529

7

U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision, as well as legal principals and standards flowing from Supreme Court precedent. *Id.* at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### III. Claim Analysis

A.  Claims Overview

Field sets forth four grounds for relief in his petition. Doc. 1, pp. 5-10.  Respondent argues that Grounds One and Two are not cognizable, Grounds Two, Three and Four are procedurally defaulted, and that all Field's grounds fail on the merits.  For the reasons that follow, the undersigned concludes that Grounds One and Four fail on the merits and Grounds Two and Three are not cognizable; in addition, Ground Two is procedurally defaulted.  Grounds One, Three and Four are similar; for convenience, the undersigned considers Ground Three first, followed by the remaining grounds in numerical order.

**B.  Ground Three is not cognizable**

In Ground Three, Field argues that the trial court abused its discretion in denying his motion to withdraw guilty plea under Ohio Crim. R. 32.1 because "it refused to acknowledge the breakdown of the attorney client relationship" that Field presented in a letter to the judge.  Doc. 1, p. 8.  This argument challenges an error of state law and is, therefore, not cognizable.  *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Akemon v. Brunsman*, 2007 WL 2891012, at *12 (S.D.Ohio Sept. 28, 2007) (federal habeas courts are precluded from considering a state law claim that the trial court abused its discretion in denying a motion to withdraw guilty plea under Ohio Crim. R. 32.1).

Moreover, Field's contention is factually incorrect.  As the Ohio Court of Appeals explains, the trial court considered Field's complaints against his attorney when ruling on his motion to withdraw plea.  *Field*, 2012 WL 5499654, at *4; *see also* Doc. 6-2, pp. 25-28 (trial court order denying Field's motion to withdraw guilty plea, explaining, among other things, that it received a letter from Field and took a short recess to read the letter and then discussing the ramifications of the information in the letter); Doc. 6-4, pp. 3-9 (transcript of the substitution of counsel hearing wherein the trial court discussed the letter); Doc. 6-5, (transcript of the change of

9

plea hearing in which the trial court again discusses the letter, receives sworn testimony from both Field and his trial counsel, and hears evidence in the form of voicemail recordings and a text message from Field to counsel).  The fact that the trial court did not use the specific term "breakdown of the attorney client relationship" is not fatal to finding that the trial court considered the issues that arose between Field and his trial counsel.  That the trial court did not ultimately decide the issue in favor of Field does not mean that the trial court did not consider the evidence presented to it.

### C. Ground One fails on the merits

In Ground One, Field argues that the trial court denied his pre-sentence motion to withdraw guilty plea in violation of his due process rights.  In his Petition, he asserts that the trial judge "said [Field] had a 'change of heart' with no findings on the record," that the trial judge "did not see the breakdown of the attorney client relationship" which violated Field's due process rights, and that he was left without the benefit of counsel, rendering his guilty plea not knowingly, intelligently, or voluntarily made.  Doc. 1, p. 5.  In his Traverse, Field asserts that he was coerced by his trial counsel into accepting the plea agreement because he owed his counsel money and counsel had told him that they would not try his case.  Doc. 11, p. 5.

A petitioner may be entitled to relief based on a state trial court's denial of a motion to withdraw guilty plea under Ohio Crim. R. 32.1 if the petitioner can show that the "challenged decision implicates constitutional concerns." *Akemon*, 2007 WL 2891012, at *12.  To be valid, a guilty plea must be voluntarily and intelligently made, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748–49 (1970).  A plea is voluntary if it is not induced by threats, misrepresentations, or promises, and the voluntariness of the plea is "determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749, 755.  A plea is intelligent when the defendant "is advised by

10

competent counsel, he was made aware of the nature of the charges against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." *Id.* at 756. "Because the decision whether or not to plead guilty ultimately rests with the client, counsel must ensure that the client's decision is as informed as possible." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002) (internal citations omitted). However, "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757.

A court considers all the relevant circumstances surrounding a petitioner's guilty plea in determining whether the plea complies with due process standards. *Akemon*, 2007 WL 2891012, at *13 (citing *Brady*, 397 U.S. at 748-749).

> Generally, in a collateral review proceeding such as this, where the petitioner has the "heavy burden" of overcoming the "'presumption of regularity' that attaches to final judgments," *Parke v. Raley*, 506 U.S. 20, 29-30 (1992); *Garcia v. Johnson*, 991 F.2d 324, 328 (6th Cir.1993), an affirmative showing that the plea was voluntary and intelligent is made by the State's production of the transcript of the state-court proceedings. *McAdoo*, 365 F.3d at 494 (citing *Garcia*, 991 F.2d at 326).

*Id.* "A state court finding that the plea was proper is accorded a presumption of correctness, unless the transcript of the plea proceeding is inadequate to demonstrate that the plea was voluntary, intelligent, and knowing." *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004) vacated in part on other grounds by *Bradshaw v. Stumpf*, 545 U.S. 175 (2005).

Here, the transcript of Field's guilty plea defeats his claim that his plea was coerced. As the Ohio Court of Appeals explained,

> {¶ 14} [ ...A]t the plea hearing, appellant stated the following: that he felt that he had been well represented by his original attorneys; he did not have any problems with his original attorneys; he was given enough time to discuss the plea agreement with his original representatives; no threats, promises or inducements were made in order to get him to plead guilty; and he was not coerced by his original representatives into entering a

11

guilty plea. Thus, appellant did not rebut the presumption that counsel was competent, nor did he demonstrate that he was not properly represented at the plea hearing. Furthermore, appellant failed to affirmatively show that his original attorneys' representation was deficient, or that such deficiency resulted in prejudice to him. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (counsel's representation must fall below an objective standard of reasonableness and, but for counsel's unprofessional errors, the result of the proceeding would have been different.)

{¶ 15} Regarding the second *Peterseim* factor, Crim.R. 11(C)(2)(c) requires the trial court to inform the defendant and determine that he understands that by entering a plea he is waiving the right to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the state prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Griffey*, 11th Dist. No.2009–P–0077, 2010–Ohio–6573, ¶ 25. At the plea hearing, appellant was informed of the foregoing rights and indicated he understood them. Appellant then expressly waived those rights. The trial court accepted appellant's guilty plea only after concluding, with the agreement of appellant's counsel, that the plea was entered knowingly, intelligently, and voluntarily.

{¶ 16} The trial court also inquired about appellant's educational background, mental state, and whether he was under the influence of any drugs or alcohol to ensure that he understood the proceedings. Appellant informed the trial court that he had an Associate's Degree, had no problem reading the English language, had a clear mind, and was not under the influence of drugs or alcohol. Appellant also stated that he understood the effect of his guilty plea and its consequences.

{¶ 17} Based on the foregoing, this court concludes that appellant was afforded a full hearing pursuant to Crim.R. 11 before entering his plea. The trial court conducted a thorough colloquy with appellant, determining that he understood that by entering into a plea agreement he was surrendering certain constitutional and statutory rights. Thus, the plea hearing was fully compliant with the constitutional requirements of Crim.R. 11.

*Field*, 2012 WL 5499654, at *3; *see also* Doc. 6-3 (transcript of guilty plea); *Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 750-751 (E.D. Mich. 2005) (petitioner's claim that attorneys coerced him to plead no contest by threatening to withdraw as counsel unless he pleaded no contest was defeated by the petitioner's statements during the plea colloquy that his plea was voluntary).

The Ohio Court of Appeals continued,

12

{¶ 19} The record establishes that the trial court gave the withdrawal of plea motion full and fair consideration. In its order denying the motion to withdraw, the trial court expressly found the following: that appellant was represented at each stage of the proceedings; his original attorneys did not prevent appellant from securing other counsel; at the arraignment, the judge advised appellant of his right to be represented by counsel and that if he could not afford their fees, he could request that new counsel be appointed to represent him at the state's expense; prior to entering his guilty plea, appellant claims he argued with his original attorneys, however, he did not discharge them at that time nor did his original attorneys withdraw; appellant accepted his original attorneys' continued representation of him; appellant was afforded an extensive plea hearing; appellant did not mention any "argument" he had with his original attorneys at the plea hearing; appellant stated at the plea hearing that he felt that he had been well represented, that counsel answered all his questions, he was given enough time to discuss the plea agreement with counsel, and no one made any threat, applied pressure, or offered any inducement in order to get him to plead guilty.

{¶ 20} Furthermore, the court found that appellant's termination of his original attorneys more than six weeks after his guilty plea and immediately before he was to be sentenced suggests that appellant had a "change of heart" in an effort to avoid being sentenced for his actions. This court has recognized that a "change of heart" is an insufficient basis for permitting a defendant to withdraw his or her guilty plea. *See State v. Miller*, 11th Dist. No.2009–P–0090, 2011–Ohio–1161, ¶ 28. The trial court also found that appellant did not maintain he had any defenses to the charge or that he did not commit the crime. This court has previously held that "[w]here a defendant attempting to withdraw a guilty plea fails to present evidence in support of an alleged defense, the trial court does not abuse its discretion in denying the motion." *Griffey*, 2010–Ohio–6573, at ¶ 34.

{¶ 21} Based on the foregoing, the record establishes that appellant was given a complete and impartial hearing on the motion to withdraw his plea and that the trial court gave full and fair consideration to the plea withdrawal request. Accordingly, pursuant to the *Peterseim* factors, the trial court did not abuse its discretion in denying appellant's presentence motion to withdraw his guilty plea. Appellant's first assignment of error is without merit.

*Field*, 2012 WL 5499654, at *4

Field argues that he was coerced by his counsel to plead guilty when they left voicemail messages on his phone stating that, unless they were paid, they were not obligated to represent him further. Doc. 1, p. 5. Again, Field stated on the record at his plea hearing that he understood the nature of the plea agreement, the nature of the crime had been explained to him by his attorney, his attorney answered all his questions and he had enough time to speak with his attorney, he felt that he was well-represented, he admitted that he committed the crime, he

13

understood he waived all defenses to the charge, and no threats, promises, or other inducement had been made against him to plead guilty. Doc. 6-3, pp. 4-5. *See Shanks*, 387 F.Supp.2d at 750-751. Field's text message to his attorney stating, "The only thing I can figure is you have to file to withdraw," was not ignored by the trial judge, as Field contends; the trial court considered this text message and accurately stated that, despite this message, Field's attorneys did not withdraw, they continued to represent him, and he accepted their representation. *See* Doc. 6-2, p. 27.

Moreover, Field testified at his change of plea hearing that he had communicated with the public defender's office prior to pleading guilty; he clearly understood that he had a right to counsel and that, if he could not afford counsel, counsel would be provided at the state's expense. *See* Doc. 6-5, p. 27; 6-2, p. 27; *Spencer v. Pratt*, 2009 WL 4884972, at *16 (E.D. Mich. Dec. 11, 2009) (petitioner's claim that he was coerced to pleading guilty when his attorney demanded more money "on the eve of trial" meritless; petitioner understood that if he could not afford an attorney the court would appoint him counsel). Field does not assert, and the record does not indicate, that his guilty plea hearing occurred on the "eve of trial" such that he faced going to trial with counsel who would not be prepared to represent him. *See id.*; *Shanks*, 387 F.Supp.2d at 751 (petitioner failed to show he was pressured into entering his plea because of counsel's unpreparedness when the trial court postponed the trial date). And when, as is the case here, "a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *U.S. v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987); *U.S. v. Ford*, 15 Fed. App'x 303, 306 (6th Cir. 2001).

Finally, as the Ohio Court of Appeals observed, Field waited almost six weeks after his guilty plea to file his motion to withdraw his plea, which also undermines his challenge to his guilty plea. *Field*, 2012 WL 5499654, at *4; *see Spencer*, 836 F.2d at 239 (upholding guilty plea

14

when defendant waited five weeks before filing his motion to withdraw). In short, Field's allegations do not support his assertion that his guilty plea was not knowing, intelligent, and voluntary. *See Field*, 2012 WL 5499654, at *4 (Field's allegations amount to a "change of heart" that is an "insufficient basis for permitting a defendant to withdraw his or her guilty plea"); *Brady*, 397 U.S. at 757 ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.").

To the extent Field asserts that counsel was ineffective in representing him, this claim fails as well. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel in the context of guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (6th Cir. 1985). A petitioner must show that counsel's representation fell below an objective standard of reasonableness and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59. A federal habeas court considers the underlying claim or defense available to the petitioner at the time of trial to determine whether, but for counsel's ineffectiveness, the petitioner would not have pleaded guilty. *Maples v. Stegall*, 340 F.3d 433, 440 (6th Cr. 2003).

The Ohio Court of Appeals observed that the trial court found that Field did not assert any defenses to the crime he was charged with or state that he did not commit the crime. *Field*, 2012 WL 5499654, at *4. Field similarly does not claim any defenses to the crime or state that he did not commit the crime in his Petition or Traverse. Rather, he merely asserts that there was no evidence of physical or psychological harm to the victim and that the victim's family did not want to press charges against him; he also states that the trial court ignored his remorse. Doc. 1, p. 7. Field has not attempted to show, and cannot show, that he had any defenses to the crime or that he did not commit the crime. *See Maples*, 340 F.3d at 440. It cannot be said, therefore, that

15

but for any alleged error committed by his attorneys he would have insisted on going to trial. *Hill*, 474 U.S. at 58.

In sum, Field does not show that the Ohio Court of Appeals decision with respect to Ground One was contrary to or involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 101. Accordingly, Ground One fails on the merits.[3]

### D. Ground Two is not cognizable and procedurally defaulted

In Ground Two, Field argues that the trial court committed error when it sentenced him to prison, a "more than minimum sentence," based upon findings that were not supported by the record. Doc. 1, p. 7. He cites to evidence he believes supports a lesser sentence, such as the lack of physical or psychological harm to the victim, that he took steps to get into treatment, and that his therapist commented that his behavior was unlikely to recur. Doc. 1, p. 7.

Ground Two is not cognizable because it asserts an error under Ohio state sentencing laws. *Pulley*, 465 U.S. at 41 ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003) (a state court's interpretation of sentencing laws and guidelines is a state law issue not cognizable in federal habeas review); *Lowe v. Hudson*, 2007 WL3072006, at *6 (N.D.Ohio Oct. 19, 2007).

Additionally, Ground Two is procedurally defaulted because Field did not present this claim to the Ohio Court of Appeals or the Ohio Supreme Court as a federal constitutional issue; instead, he presented it as a violation of state law. *See* Doc. 6-2, pp. 41, 50-56 (Field's appellate brief arguing that the trial court failed to follow Ohio state statutory considerations set forth in Ohio Rev. Code 2929.12); Doc. 6-2, p. 102 (Field's brief to the Ohio Supreme Court asserting

---

[3] Field's allegations in Ground One regarding the trial court's purported refusal to consider the breakdown of the attorney client relationship was considered by the undersigned and is discussed in the section pertaining to Ground Three, *supra*.

16

that the trial court did not follow R.C. 2929.12(B)&(C)); *Williams*, 460 F.3d at 806 (a "petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law[,]" quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)).

### E. Ground Four fails on the merits

In Ground Four, Field argues that his trial and appellate counsel were ineffective in failing to preserve "for the record the abuse of judicial discretion mentioned in Ground Three"—that the trial court abused its discretion when it refused to acknowledge the breakdown of the attorney client relationship—a violation of the Sixth Amendment.  Doc. 1, p. 10.  For a number of reasons, Ground Four lacks merit.

First, Field's allegations that his trial counsel and appellate counsel failed to preserve for the record the breakdown of the attorney-client relationship has no basis in fact.  Field's second attorney, who represented him on his motion to withdraw guilty plea in the trial court and on appeal, argued in detail the facts that support Field's allegations that there was a breakdown of the attorney client relationship between Field and his first trial court attorney in the context of the Sixth Amendment.  *See* Doc. 6-2, pp. 8-13 (motion brief); pp. 8, 35-36 (transcript of hearing); Doc. 6-2, pp. 43-49 (appellate brief).  Moreover, Field himself agrees that this issue was "shown in all subsequent Courts."  Doc. 11, p. 3.  Field provides no additional facts that his attorney failed to preserve for the record; in fact, he insists that "[t]here is no other needed support" beyond the telephone communications described herein and considered by the state courts.  Doc. 11, p. 4, 5 ("This evidence has been maintained and argued through all of the state level Courts[.]").

Second, for the reasons articulated by the Ohio Court of Appeals and by the undersigned in the section regarding Ground One, *supra*, Field's ineffective assistance of counsel claim is meritless.  Field's assertion that he stated at the "evidence hearing that he requested to go to

17

trial" is not supported by the record; at his withdraw of plea hearing Field only stated that he did not want to take the plea agreement, not that he insisted on going to trial. *See* Doc. 6-5, pp. 28-29; *Brady*, 397 U.S. at 757 ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."); *Hill*, 474 U.S. at 58 (a petitioner alleging an ineffective counsel claim regarding a guilty plea must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Field asserts, for the first time in his Traverse (in an unrelated argument), that he was "under the impression by attorney and as a result of his psychological evaluation that he would be sentenced to probation." Doc. 11, p. 3. A court is not required to address a theory of relief asserted only in a traverse but not in the habeas petition. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Moreover, any argument Field attempts to make here that his attorney was ineffective for not informing him of his exposure to prison time was not presented to any state court and is, therefore, procedurally defaulted. *See Williams*, 460 F.3d at 806. Lastly, there are numerous references to prison in Field's guilty plea hearing that belie his new assertion, including a request by Field's counsel for delayed sentencing to enable Field to arrange his affairs "in the event that he would be sentenced to incarceration." Doc. 16, p. 14.

For all these reasons, Ground Four is without merit.

## IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Petitioner's habeas petition be **DENIED** because Grounds One and Four fail on the merits and Grounds Two and Three are not cognizable. Additionally, Ground Two is procedurally defaulted. Accordingly, the undersigned recommends that Field's Motion for Summary Judgment (Doc. 16) also be **DENIED**.

Dated: August 19, 2015

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).