PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE P. FIELD, JR., | ) | |
| | ) | CASE NO. 1:13CV1415 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEIL TURNER, Warden, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | [Resolving ECF Nos. 16 and 21] |

*Pro Se* Petitioner Dale P. Field, Jr., currently an inmate at the Noble Correctional Institution,[1] filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging four (4) grounds for relief which challenge the constitutional sufficiency of his conviction and sentence in Geauga County, Ohio Court of Common Pleas Case No. 10C000087. The case was referred to Magistrate Judge Kathleen B. Burke for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge subsequently issued a Report & Recommendation (ECF No. 20). In her Report, the magistrate judge recommends that the Court deny the petition because Grounds One and Four fail on the merits and Grounds Two and Three are not cognizable; in addition, Ground Two is procedurally defaulted. ECF No. 20 at PageID #: 345. Petitioner filed timely Objections to the Magistrate

[1] According to the State's Response to Defendant's Motion for Jail Time Credit Pursuant to O.R.C. 2967.191, filed in the Geauga County, Ohio Court of Common Pleas on March 3, 2016, Petitioner' post-release control was revoked as a result of a new felony offense in West Virginia. According to the Ohio Department of Rehabilitation and Correction website (http://www.drc.ohio.gov/OffenderSearch/ (last visited March 23, 2016)), Petitioner is currently housed at the Noble Correctional Institution.

Judge's Report (ECF No. 21). The Court, after reviewing the Objections, hereby adopts the Report and denies the Petition.

Petitioner also filed a Motion for Summary Judgment (ECF No. 16). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.

## I. Facts

In July 2010, Petitioner was indicted on one count of unlawful sexual conduct with a minor. Indictment (ECF No. 6-2 at PageID #: 65-66). Petitioner, with retained counsel present, entered a not guilty plea. Thereafter, Petitioner withdrew his not guilty plea and pleaded guilty pursuant to a Plea Agreement (ECF No. 6-2 at PageID #: 68) with the state to the sole count as charged in the Indictment. Following an extensive hearing, the trial court accepted Petitioner's guilty plea on November 5, 2010. Transcript of Change of Plea Hearing (ECF No. 6-3). At the guilty plea hearing, the Court advised Petitioner that he could face "one year, two years, three years, up to a maximum of five years" of imprisonment. Petitioner indicated that he understood. ECF No. 6-3 at PageID #: 201-202.

On January 6, 2011, Petitioner, by and through new retained counsel,[2] filed a Motion for Withdrawal of Guilty Plea (ECF No. 6-2 at PageID #: 72-80). Following a full hearing,[3] the trial court denied Petitioner's motion as having been based on a mere "change of heart" and a desire to avoid the consequences of his conduct. Order of the Court (ECF No. 6-2 at PageID #: 89-92).

---

[2] *See* Transcript of Proceedings (ECF No. 6-4) at PageID #: 220-23.

[3] *See* Transcript of Motion Hearing (ECF No. 6-5).

The trial court found "Defendant doesn't maintain that he has any defenses to the charge, or that he didn't commit the crime." ECF No. 6-2 at PageID #: 90.

On March 4, 2011, Petitioner was sentenced to three years in prison and found to be a Tier II sex offender, subjecting him to the registration and verification provisions of Ohio Rev. Code Chapter 2950. He was also ordered to serve a five-year term of post-release control. Judgment of Conviction (ECF No. 6-2 at PageID #: 93-95); Transcript of Sentencing Hearing (ECF No. 6-6).

In November 2012, the Eleventh District Court of Appeals of Ohio affirmed Petitioner's conviction and sentence. *State v. Field*, No. 2011-G-3010, 2012 WL 5499654 (Ohio App. 11th Dist. Nov. 13, 2012) (ECF No. 6-2 at PageID #: 149-59). In March 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal, *State v. Field*, 134 Ohio St.3d 1488 (2013) (ECF No. 6-2 at PageID #: 193), and Petitioner did not further appeal to the United States Supreme Court.

On June 17, 2013,[4] Petitioner filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1). It was received by the Court on June 27, 2013.

---

[4] Under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his petition on June 17, 2013. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3).

A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

**III. Law & Analysis**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also* *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The task of the Court is not to determine whether the Eleventh District Court of Appeals of Ohio's decision was right or wrong. Instead, under the AEDPA, the Court must decide whether the state appellate court's adjudication of Petitioner's claim "resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). As the United States Supreme Court has explained:

> an *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

*Renico v. Lett*, 559 U.S. 766, 773(2010) (internal citations and quotations omitted) (emphasis in original).

**A. Ground Two**

Petitioner agrees with the recommendation of the magistrate judge that Ground Two is not cognizable and procedurally defaulted. ECF No. 21 at PageID #: 358.

**B. Ground Three**

Petitioner also agrees with the recommendation of the magistrate judge that Ground Three is not cognizable. ECF No. 21 at PageID #: 356.

**C. Ground One**

Petitioner objects to the magistrate judge's recommendation that Ground One fails on the merits. In Ground One, Petitioner argues "[t]he trial court erred to the prejudice of the Petitioner by denying his pre-sentence motion to withdraw his plea in violation of his due process rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution." ECF No. 1 at PageID #: 5. Petitioner presented the claim alleged in Ground One as his first

assignment of error on direct appeal to the Ohio Court of Appeals. *See* Brief of Appellant (ECF No. 6-2) at PageID #: 107.

Petitioner argues that his plea was involuntary and not intelligent because it was coerced by his original trial counsel. The trial court rejected the claim by finding that Petitioner had a mere "change of heart" in an effort to avoid being sentenced for his conduct. ECF No. 6-2 at PageID #: 91-92. The Ohio Court of Appeals then denied relief on the merits, *Field*, 2012 WL 5499654, at *4 (ECF No. 6-2 at PageID #: 156), and its opinion entitles the state to the deferential standard of review under § 2254(d). *See Stuart v. Wilson*, 442 F.3rd 506, 514-15 (6th Cir. 2006).

Petitioner takes issue with the magistrate judge citing twice to the following passage from *Brady v. U.S.*, 397 U.S. 742 (1970): "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id.* at 757. He declares: "Not only was Field unfamiliar with legal situations of this magnitude at the time, but he had no way of knowing at any time the quality of the State's case aside from information given him by his attorney." ECF No. 21 at PageID #: 357. But, Petitioner stated he understood the charge and that he was waiving any defenses to it during the Change of Plea Hearing:

> THE COURT: Do you understand that you are admitting that you committed the crime stated in the plea agreement, which in this case, is also the crime set forth in the indictment, Unlawful Sexual Conduct with a Minor?
> MR. FIELD: Yes, it is.
> THE COURT: And you understand by pleading guilty that you waive any defenses to the charge which you may have?

(1:13CV1415)

MR. FIELD: I understand that.

ECF No. 6-3 at PageID #: 198. Petitioner also had no questions for the trial court "about anything, any of the proceedings" during the guilty plea Hearing. ECF No. 6-3 at PageID #: 206.

To be valid, a guilty plea must be voluntarily and intelligently made. *Id.* at 748-49. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The prosecutor in this case agreed to stand silent at sentencing in exchange for Petitioner pleading guilty to the charge of unlawful sexual conduct with a minor. ECF No. 6-2 at PageID #: 68. Petitioner denied under oath that anyone had threatened him to accept the plea bargain. ECF No. 6-3 at PageID #: 198. The trial court, in denying Petitioner's motion to withdraw his plea, found that "all the indications are that [Petitioner] told the truth when he plead[ed] guilty. He was not coerced, duped or confused." ECF No. 6-2 at PageID #: 92. It noted that Petitioner said at the Change of Plea Hearing that no one made any threat, applied pressure, or offered any inducement in order to get him to plead guilty. ECF No. 6-2 at PageID #: 91. Petitioner said nothing to the trial court about his original trial counsel's alleged coercion until right before the

sentencing hearing more than six (6) weeks after the Change of Plea Hearing. ECF No. 6-2 at PageID #: 91-92.

The Court agrees with the magistrate judge that Petitioner's guilty plea defeats his claim that his plea was coerced because he owed his original trial counsel money. ECF No. 20 at PageID #: 347. The plea colloquy shows that Petitioner was informed of the maximum possible sentence he faced if he stood trial. ECF No. 6-3 at PageID #: 201-202. He was also informed of the rights he was waiving by pleading guilty, such as the right to a trial by jury. ECF No. 6-3 at PageID #: 204. Petitioner stated that no promises or threats had been made to him in exchange for his plea beyond those stated on the record. ECF No. 6-3 at PageID #: 198. Petitioner's "[s]olemn declarations in open court" that his plea was freely, understandingly, and voluntarily made, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Nothing in clearly established Supreme Court law compelled the state courts to accept Petitioner's contrary allegations made after he entered his plea.

Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary and that the state court's opinion finding the same is not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner relatedly asserts in his Objections that his plea was the result of the ineffective assistance of his original trial counsel. He asserts that counsel was not acting in his best interest. The Court also agrees with the magistrate judge that this claim fails as well. ECF No. 20 at PageID #: 351.

A defendant has the right to effective assistance of counsel when considering whether to accept a plea bargain. *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012). But to prevail on a claim that his original trial counsel was ineffective during plea negotiations, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). This requires showing that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The "prejudice" prong of the two-part *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. In other words, the defendant "must show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S. Ct. 1384.

Petitioner's allegation that his original trial counsel had no interest in his case other than collecting their fees is belied by Petitioner's own denial that anyone forced him to plead guilty. There is no record evidence that Petitioner's counsel performed deficiently, and because the state court adjudicated this claim on the merits, Petitioner may not now rely on evidence or allegations that were not put before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Therefore, Petitioner has failed to demonstrate that he was denied the effective assistance of counsel or that the state adjudication of this claim was unreasonable.

The Court concludes Petitioner has failed to demonstrate that the state court decision on this claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

(1:13CV1415)

**D. Ground Four**

Finally, Petitioner objects in part to the magistrate judge's recommendation that Ground Four fails on the merits. In Ground Four, Petitioner argues he "was denied effective assistance of trial and appellate counsel when neither counsel preserved for the record the abuse of judicial discretion mentioned in Ground Three[5] in violation of the Sixth Amendment of the United States Constitution." ECF No. 1 at PageID #: 10.

Petitioner again takes issue with the magistrate judge citing to the passage from *Brady*: "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." 397 U.S. at 757. He declares:

> Field maintains that his desire to [pursue] this matter fully was from the onset of the case. His rights had been violated from the beginning when he was denied counsel at the time of questioning. Field only wished to pursue this matter, and counsel refused to do so. The penalties were not an issue, nor was the matter of the [State's] case. This is made clear by the prison term being completed, and Field's continued fight to remove this matter from his record.

ECF No. 21 at PageID #: 359.

In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 692 (6th Cir. 2006) (quoting *Hill*, 474 U.S. at 59). Petitioner does not establish this

---

[5] In Ground Three, Petitioner argues "[t]he trial court abused its discretion when it refused to acknowledge the breakdown of the [attorney-client] relationship when ruling on Petitioner's Crim. R. 32.1 motion to withdraw guilty plea." ECF No. 1 at PageID #: 8.

reasonable probability. The Ohio Court of Appeals found the trial court did not abuse its discretion in finding that Petitioner "did not maintain he had any defenses to the charge or that he did not commit the crime." *Field*, 2012 WL 5499654, at *4 (ECF No. 6-2 at PageID #: 155-56). Petitioner fails to demonstrate that counsel erred and/or that he was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

**IV. Conclusion**

Petitioner's Objections (ECF No. 21) are overruled and the Report & Recommendation (ECF No. 20) of the magistrate judge is adopted. Dale P. Field, Jr.'s Petition for a Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 16) are denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Dale P. Field, Jr., #A600847, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724.

IT IS SO ORDERED.

March 24, 2016
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge